UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward Leroy Milner,<br><br>    Plaintiff,<br><br>v.<br><br>Tom Roy, Michelle Smith, Lt. Bob Plumm, Sue Armstrong, Lisa Olson, Mary McComb, Cheryl Cole, Richard Neurer, Coll Duffy, and Nacole Lind,<br><br>    Defendants. | Case No. 14-cv-3079 (PJS/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

  Plaintiff Edward Leroy Milner, a state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. [Doc. No. 1.] He did not pay a filing fee, but instead filed an application for leave to proceed *in forma pauperis* (IFP). [Doc. No. 2.] In an order dated August 7, 2014, this Court denied Milner's IFP application for failure to satisfy the requirements of 28 U.S.C. § 1915(a)(1) and (2). [Doc. No. 3.] That order required Milner to file an amended IFP application and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1), failing which this Court would recommend that Milner's complaint be dismissed. Milner has since filed an amended IFP application. [Doc. No. 4.] That amended IFP application is now before this Court and must be addressed before any other action is taken in this matter.

Because Milner is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute, which is part of the Prison Litigation Reform Act of 1995 (PLRA), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than pay the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716

(8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

Milner has not paid an initial partial filing fee. That said, based on the information provided in the amended IFP application, this Court finds that Milner has no income or assets that could be used to pay an initial partial filing for this case, as is normally required by § 1915(b)(1). Accordingly, this case will proceed to screening under 28 U.S.C. § 1915(e)(2)(B), despite Milner's failure to pay the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). As a result of that screening, this Court finds that the complaint fails to state a claim on which relief can be granted. Accordingly, Milner's amended IFP application should be denied, and this lawsuit should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not

be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Milner's complaint and the exhibits attached to that complaint discuss two seemingly unrelated series of events. Neither series of events gives rise to a viable claim for relief under § 1983 against the prison officials named as defendants in this lawsuit.

First, Milner alleges that he was denied due process of law after being accused by prison officials with "cheeking" his prescribed medication (that is, hiding the medication in his mouth for future disposal or consumption, instead of taking that medication as prescribed at the time it was dispensed). It appears—although the complaint is not completely clear on this point—that Milner eventually pleaded guilty to this "cheeking" infraction and was sentenced to thirty days of administrative segregation. [Doc. No. 1-2 at 1, 9.] Milner now alleges that he was entrapped into pleading guilty through harassment by prison officials, and he seeks monetary damages as relief.

"In order to prevail on a Fourteenth Amendment due process claim, [the plaintiff] must first demonstrate that he was deprived of life, liberty, or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). "To show he was deprived of a protected liberty interest, [the plaintiff] must identify conditions that impose

4

'atypical or significant hardship . . . in relation to the ordinary incidents of prison life.'" *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (per curiam) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

The complaint here does not raise a plausible claim that Milner was deprived of a protected liberty interest when he was placed in administrative segregation for thirty days. "'[A] demotion to segregation, even without cause, is not itself an atypical and significant hardship.'" *Id*. (quoting *Phillips*, 320 F.3d at 847). Although a protected liberty interest may be implicated if a prisoner is placed in administrative segregation for an extended period of time without periodic review of whether that segregation is appropriate, *see Williams v. Norris*, 277 F. App'x 647, 648-49 (8th Cir. 1997) (per curiam) (finding that almost twelve years in administrative segregation is an atypical and significant hardship), the Eighth Circuit has found that periods of administrative segregation lasting far longer than thirty days do not implicate protected liberty interests, *see Orr*, 610 F.3d at 1033-34 (finding that approximately nine months in administrative segregation is not an atypical or significant hardship); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished table disposition) (same). Milner's term in administrative segregation was simply too short to be considered an atypical or significant hardship for a prisoner, and thus Milner was not deprived of a protected liberty interest when he was placed in administrative segregation. Prison officials therefore could not have deprived Milner of his due-process rights when they imposed a thirty-day term of administrative segregation. This is true even if prison officials harassed Milner during the

administrative process. *See Simpson v. Hvass*, 36 F. App'x 221, 221 (8th Cir. 2002) (per curiam).

Furthermore, even if Milner's due process claim were otherwise viable, his allegations of harassment are legal conclusions couched as factual allegations, which the Court need not accept. Although Milner claims he was cajoled into pleading guilty to the "cheeking" infraction, he does not include factual allegations of specific conduct by prison officials that rose to the level of harassment. Without factual allegations of activity that, if proved, would constitute harassment by prison officials, Milner cannot plead a viable, plausible claim that the harassment somehow caused his due-process rights to be infringed.[1]

Second, Milner alleges that an unnamed prison employee damaged his television and that prison officials unfairly denied his administrative claim for monetary compensation for his damaged television, both putatively in violation of § 1983. As to the first aspect of this claim, it is difficult to see how prison officials could have deprived Milner of his constitutional or federal statutory rights by damaging his television. *See, e.g., Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (noting that, in order to state a claim to relief under § 1983, a plaintiff must allege that prison officials violated a right secured by the Constitution or laws of the United States). There is no

---

[1] Should Milner's federal claims be dismissed, the Court would have jurisdiction over Milner's state-law claims of harassment – and any other state-law claims – only if supplemental jurisdiction were extended over those claims. *See* 28 U.S.C. § 1367. The Eighth Circuit has been clear, however, that supplemental jurisdiction ordinarily should *not* be extended over state-law claims when all federal claims have been dismissed before trial. *See Hervey v. Cnty. Of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

allegation that the damage was intentional on the part of prison employees, or that the damage was caused in retaliation for Milner exercising his constitutional rights. Indeed, Milner does not even allege how the damage to his television occurred, other than he believes a prison employee was responsible. In short, it is unclear from the complaint how any prison employee could have violated the Constitution or federal law by damaging Milner's television.

Moreover, to state a viable claim under § 1983, a plaintiff must plead that the defendant's *own individual actions* violated the Constitution or federal law. *See, e.g.*, *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012). Even assuming that the damage to Milner's television comprises a violation of the Constitution or federal law, the complaint does not allege that any named Defendant was the specific individual who in fact caused the damage. Thus, even if Milner could bring a claim under § 1983 against the person who damaged his television, he has not identified the potentially liable party.

With respect to the second aspect of Milner's claim relating to his television—that the remedial procedures established by the prison were inadequate—"even an unauthorized intentional deprivation of property by a state official does not violate due process requirements if a meaningful post-deprivation remedy is available." *Hubenthal v. Winona Cnty.*, 751 F.2d 243, 246 (8th Cir. 1984). The exhibits attached to the complaint make clear that Milner was afforded a meaningful opportunity by prison officials to contest the alleged deprivation of his property rights.[2] [Doc. No. 1-3 at 13.]

---

[2] In determining whether a complaint states a claim on which relief may be granted, this Court may consider not only the complaint itself, but also "matters incorporated by

Milner no doubt disagrees with the *result* of the administrative review of his claim, but he has not adequately alleged how this administrative review was constitutionally deficient, except for conclusory allegations that everyone involved in the review process was biased against him. This is insufficient to state a plausible claim for relief.

In short, neither of the two series of events alleged by Milner gives rise to a viable claim under § 1983. Accordingly, this Court recommends summary dismissal of Milner's complaint under § 1915(e)(2)(B)(ii).

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Edward Leroy Milner's amended application to proceed *in forma pauperis* [Doc. No. 4] be **DENIED**;

2. The Complaint [Doc. No. 1] be **SUMMARILY DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: September 11, 2014            s/ *Hildy Bowbeer*
                                     HILDY BOWBEER
                                     United States Magistrate Judge

---

reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned . . . ." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quotation omitted).

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 2, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.